The State, ex rel. Rosch, Appellant, *v.* Cuyahoga County Board of Elections et al., Appellees.

[Cite as State, ex rel. Rosch, v. Bd. of Elections (1975), 42 Ohio St. 2d 364.]

(No. 74-973—Decided May 28, 1975.)

*Messrs. Cain & Lobo* and *Mr. Arthur L. Cain*, for appellant.

*Mr. John T. Corrigan*, prosecuting attorney, *Mr. John L. Dowling* and *Mr. Thomas P. Gill*, for appellee Cuyahoga County Board of Elections.

*Mr. Cecil P. Mauk*, director of law, for appellees Donald A. Faulhaber, Mayor, and others.

*Per Curiam.* Relator argues, primarily, that because the ordinance failed to pass as an emergency measure at council's July 22 meeting it also failed as ''an ordinary or regular measure as it was not read at three separate meet-

ings,'' which, he contends, is necessary to the validity of nonemergency legislation.

In this case, however, the Charter of Broadview Heights requires its council to submit to the electors any amendments proposed to the charter by the review committee. The action of council in submitting the proposed charter amendments to the board of elections was administrative. Neither the form nor the manner of such submission is set out in Article XIII which, in this instance, takes precedence over any other charter provision in relation to the submission of proposed charter amendments to the electors. The charter does not require that such submission be by way of an ''ordinance'' enacted only after council follows the procedures outlined in any other articles of the charter for the enactment of ''ordinances or resolutions.''[3]

The proposed charter amendments were properly submitted to the electors of Broadview Heights.[4]

Accordingly, the judgment of the Court of Appeals, denying the writ of prohibition, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[3] Article IX.

[4] The electors of Broadview Heights have voted on the submitted charter amendments and their votes have been counted